# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EQUITY INSURANCE COMPANY, a foreign insurer,<br>        Plaintiff,<br><br>v.<br><br>(1) AMBER TENNILLE TAYLOR, individually and as mother and next friend of M.T., a minor,<br>(2) BRANDON WADE HASBELL,<br>(3) LARRY DALE ROOT, Jr.,<br>(4) FRANKIE GENE CHESSER,<br>(5) SHAUNDA KAY ROOT, and<br>(6) HINSON INSURANCE AGENCY, INC., an Oklahoma corporation,<br><br>        Defendants. | Case No. CIV-12-088-RAW |

## ORDER & OPINION[1]

Equity Insurance Company (hereinafter "Equity") filed this action seeking a declaratory judgment that it has no duty to defend or indemnify Amber Tennille Taylor (hereinafter "Ms. Taylor") under an Automobile Policy for any existing claims or current or subsequent litigation arising from an automobile accident that occurred on December 31, 2011. The matter comes before this court pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.[2]

---

[1] For clarity and consistency herein, when the court cites to the record, it uses the page numbers assigned by CM/ECF.

[2] "Declaratory relief is available in either federal court or Oklahoma state court." Automax Hyundai South v. Zurich Am. Ins. Co., 720 F.3d 798, 810 n. 3 (10th Cir. 2013). Section 2201 of the Declaratory Judgment Act provides in pertinent part: "In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201. "Invoking this provision, insurers often seek declaratory judgment in federal court . . . on whether they have a duty to defend [and indemnify] an insured under the terms of a liability policy."

Now before the court are the motion for summary judgment filed by Hinson Insurance Agency, Inc. (hereinafter "the Agency") [Docket No. 58] and the motion for summary judgment filed by Equity [Docket No. 60]. Both the Agency and Equity argue that there is no genuine issue as to any material fact and that they are entitled to summary judgment as a matter of law.

For the reasons delineated below, Equity's motion is hereby granted. Ms. Taylor's counterclaim against Equity is dismissed. The Agency's motion is moot as it pertains to Equity and denied as it pertains to Ms. Taylor's cross-claim.

**UNDISPUTED MATERIAL FACTS[3]**

**The Policy**

The Automobile Policy at issue in this action (hereinafter "the Policy") was issued on October 20, 2011 with the policy period beginning on the same date. Docket No. 60, Exh. 4, p. 1. The Policy provided Equity with the right to cancel coverage "by mailing to the named insured shown in the Declarations at the address shown in this policy [with] at least 10 days notice . . . if cancellation is for nonpayment of a premium . . . ." Id. at 27. The Policy further

---

Automax, 720 F.3d at 810 n. 3. In deciding whether to hear this action, the court considered the five factors listed in State Farm Fire & Cas. Co. v. Mhoon, 31 F.3d 979, 983 (10th Cir. 1994).

[3]"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1). "Conclusory allegations that are unsubstantiated do not create an issue of fact and are insufficient to oppose summary judgment." Harvey Barnett, Inc. v. Shidler, 338 F.3d 1125, 1136 (10th Cir. 2003)(citation omitted).

Additionally, the court "need consider only the cited materials, but it may consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

provided that Equity may deliver or mail notice and that "[p]roof of mailing of any notice shall be sufficient proof of notice." Id. at 29. Additionally, "[t]he effective date of cancellation stated in the notice shall become the end of the policy period." Id.

The Policy premium was due on the 4th of each month.[4] Docket No. 75, Exh. 1, p. 1; Docket No. 60, Exh. 5, p. 1. Equity included a notice in its monthly billing statements that if the premium was not paid, the policy would be cancelled on the 21st day of the month. Id. The monthly billing statements also included the billing schedule for future payments. Id.

**The Cancellation**

Equity mailed a cancellation notice to Ms. Taylor on December 6, 2011. Docket No. 60, Exh. 1, p. 1-2, and Exh. 3, p.1. The notice of cancellation stated that Equity had not received the premium payment and that if payment was not postmarked before the cancellation date, the policy would cancel on December 21, 2011 at 12:01 a.m. Docket No. 60, Exh. 3, p. 1. The notice further stated that if payment was postmarked after the cancellation date, a new policy could be issued with a $25.00 fee. Id.

The notice also included that "[n]o coverage will exist for losses occurring between the cancellation date and the effective date of any newly issued policies." Id. Equity has presented the court with proof of mailing the cancellation notice. Docket No. 60, Exh. 1, p. 1-2. It is undisputed that the December premium was never paid. See Docket No. 66, p. 2; Docket No. 67, p. 2.

---

[4]Ms. Taylor argues in her response briefs that her payment was due on the 21st of each month. She has not provided any evidence to support her argument. Moreover, in her discovery responses, Ms. Taylor states that she did not know what date her premium was due until after the accident. Docket No. 76, Exh. 1, p. 3. The only evidence of the premium due date presented to the court, the Policy billing statements, shows that Ms. Taylor's premium was due on the 4th of each month.

Ms. Taylor never had any agreement with Equity with regard to covering her if she did not pay her premiums on time. Docket No. 75, Exh. 4, p. 11. Ms. Taylor did not have any <u>standing</u> agreement with the Agency that it would cover her if she did not pay her premium on time. <u>Id</u>. at 12-13.

### **The Accident / Underlying Claims**

On December 31, 2011, an automobile collision occurred between a vehicle owned and occupied by Ms. Taylor and a vehicle owned and operated by Defendant Larry Root, Jr. The other occupants of the two vehicles are named parties to this action. As a result of the collision, numerous claims and demands have been made upon Equity.

## **DISPUTED MATERIAL FACT**

While Ms. Taylor did not have a standing agreement with the Agency to cover her when she missed a premium payment, Ms. Taylor testified that the Agency agreed to pay her December premium payment and that she was to repay the Agency in January. Docket No. 66, Exh. 1, p. 3. She testified that on December 14, 2011, she called her agent Mary Kilgore and told her she just had surgery and would be off work again, and Ms. Kilgore "told [her] not to worry about anything, take care of [herself], she would take care of it, [and] for [her] to come in as soon as she could." <u>Id</u>. Ms. Taylor further testified that she told Ms. Kilgore that she would go in to pay the premium on January 2, 2012 when she returned to work. <u>Id</u>.

The Agency disputes this allegation, pointing out that during the same deposition, when asked if she recalled having any conversations with Mary Kilgore asking that the Agency front her December premium for her, Ms. Taylor said, "No, I don't." Docket No. 59, Exh. 8, p. 8. Then Ms. Taylor agreed that the policy cancelled effective December 21, 2011. <u>Id</u>.

**SUMMARY JUDGMENT MOTIONS**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). At this stage, the court "view[s] the evidence and draw[s] reasonable inferences therefrom in the light most favorable to the nonmoving party." Kimzey v. Flamingo Seismic Solutions, Inc., 696 F.3d 1045, 1048 (10th Cir. 2012).

**Equity's Motion**

The relationship between Equity and Ms. Taylor is contractual in nature. See First Bank of Turley v. Fidelity & Deposit Ins. Co. of Md., 928 P.2d 298, 302 n. 6 (Okla. 1996). The Policy language is clear, unambiguous and reasonably susceptible to only one meaning on its face. The court thus affords the terms of the Policy their plain and ordinary meaning. See Bituminous Cas. Corp. v. Cowen Constr., Inc., 55 P.3d 1030, 1033 (Okla. 2002); Certain Underwriters at Lloyds London v. B3, Inc., 262 P.3d 397, 400 (Okla. App. Div. 1 2011).

The Policy afforded Equity a procedure to cancel coverage if a premium was not paid. Equity followed that procedure. Ms. Taylor did not make her December 4, 2011 premium payment. On December 6, 2011, Equity mailed her a notice of cancellation informing her that if her payment was not postmarked before the cancellation date of December 21, 2011, the Policy would be cancelled. Ms. Taylor did not make the payment by that date. Equity cancelled coverage. The cancellation was well within the terms of the Policy, as Ms. Taylor missed her payment, Equity afforded her more than 10 days to make the payment before cancelling coverage, and Equity has proof of mailing the notice of cancellation.

Ms. Taylor has informed the court that she regularly did not receive her mail and so did not receive her billing statements or the notice of cancellation. The fact that she did not receive these items does not impact the outcome here. The Policy does not require receipt of a cancellation notice to perfect a cancellation, only proof of mailing. Equity has proof of mailing.

Equity and Ms. Taylor are bound by the terms of the Policy, and the court will not rewrite the Policy "to make for either party a better contract than the one which was executed." Bituminous, 55 at 1033. "An insured cannot insist upon a strained construction of relevant policy language in order to claim a patent ambiguity exists nor can it contradict the written instrument's plain terms under the guise of a latent ambiguity." Id. at 1034. "Courts must not torture the policy language in order to 'create ambiguities where none exist.'" Id. at 1035 (citation omitted). "The rule that policies are to be construed against the insurer has no application where the provisions are susceptible of only one reasonable construction." Certain Underwriters, 262 P.3d at 400 (citation omitted).

As the Policy had been cancelled on December 21, 2011, Ms. Taylor did not have coverage on the date of the accident, December 31, 2011. Accordingly, Equity's motion for summary judgment is hereby granted. Ms. Taylor's counterclaim against Equity is dismissed.

**The Agency's Motion**

The Agency has also filed a motion seeking judgment in its favor against the allegations in the Complaint filed by Equity and the allegations in the cross-claim filed by Ms. Taylor. Equity's Complaint seeks judgment against the Agency only to the extent the court finds Equity owes a duty to defend or indemnify under the Policy. As the court has found no such duty, the Agency's motion is moot as it pertains to Equity's Complaint.

In her cross-claim against the Agency, Ms. Taylor seeks damages for negligence and breach of contract based on the Agency's alleged promise and failure to cover her December premium.[5] As this is a disputed issue of material fact, the court will not grant summary judgment as to these claims.[6]

**CONCLUSION**

Accordingly, Equity's motion for summary judgment [Docket No. 60] is hereby GRANTED. Ms. Taylor's counterclaim against Equity is dismissed. The Agency's motion for summary judgment [Docket No. 58] is MOOT as it pertains to Equity and DENIED as it pertains to Ms. Taylor's cross-claim.

The court notes that also remaining are the cross-claims by Larry Dale Root, Jr., Shaunda Kay Root and Frankie Gene Chesser against Ms. Taylor, Brandon Wade Hasbell and the Agency.

---

[5]Contrary to the Agency's assertions, these claims are not dependent upon whether coverage exists under the Policy. Instead, they are independent claims.

[6]The Agency argues that Ms. Taylor's conflicting testimony during her deposition is insufficient to create a question of material fact. The Agency cites Jackson v. NTMedia, LLC, 233 FedAppx. 770 (10th Cir. 2006), arguing that the Tenth Circuit upheld a district court in its reliance on trial testimony rather than a conflicting affidavit in granting judgment as a matter of law. In that case, however, the witness's affidavit "could be interpreted in different ways," while the "trial testimony and her explanation of the affidavit's averments [were] not inconsistent with the evidence." Id. at 776. Most importantly, the trial court did not weigh the evidence or evaluate the witness's credibility in reaching its decision. Id. That is not the case here. For the court to make a ruling here, the court would have to weigh the evidence and evaluate Ms. Taylor's credibility.

The court further notes that the Agency has not argued or presented legal authority for the proposition that breach of contract and negligence claims are not *per se* viable against an insurance agency, arguing only that Ms. Taylor's conflicting testimony renders those claims insufficient here.

IT IS SO ORDERED this 13th day of January, 2014.


**Dated this 13th day of January, 2014.**

                                                        _____
                                                        Ronald A. White
                                                        United States District Judge
                                                        Eastern District of Oklahoma